UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BRIAN KERRY O'KEEFE,        Case No. 3:17-cv-00511-MMD-WGC

                Petitioner,             ORDER

    v.

UNITED STATES DISTRICT COURT,

               Respondents.

Petitioner has filed, on a form for a habeas corpus petition under 28 U.S.C. § 2241, a document titled, "Independent Action Challenging Deprivation of Substantive Liberty Interest Protected by the Due Process Clause of the Fourteenth Amendment." He expresses displeasure with the outcome of a § 2241 habeas corpus action, *O'Keefe v. Gillespie*, Case No. 2:11-cv-02109-JCM-VCF. This court dismissed that action because, as a matter of federal-state comity, petitioner had failed to exhaust his state-court remedies. Petitioner appealed the dismissal. The court of appeals dismissed the appeal as moot because the relief that petitioner had requested, a bar on a retrial based upon the Double Jeopardy Clause of the Fifth Amendment, was made moot by petitioner's retrial and conviction. Petitioner filed a petition for a writ of certiorari with the Supreme Court of the United States. The Supreme Court denied the petition.

Petitioner cannot commence a new action in this Court that challenges the validity of the final judgment of another action in this court. His recourse was to seek relief on appeal, which he did. *See Glitsch, Inc. v. Koch Eng'g Co.*, 216 F.3d 1382, 1384 (Fed. Cir. 2000).

1       To the extent that petitioner is challenging the validity of his custody pursuant to his

2 state-court judgment of conviction, his sole remedy is a writ of habeas corpus pursuant to

3 28 U.S.C. § 2254. Petitioner is pursuing such a petition in *O'Keefe v. LeGrand*, Case No.

4 3:14-cv-00477-RCJ-VPC. If the Court were to construe this action to be a habeas corpus

5 petition, it would be redundant to the earlier-filed action.

6       To the extent that a certificate of appealability is necessary, reasonable jurists

7 would not find the Court's conclusions to be debatable or wrong. The Court will not issue

8 a certificate of appealability.

9       Petitioner's applications to proceed *in forma pauperis* (ECF No. 3, ECF No. 5) are

10 moot because he has paid the filing fee.

11       Petitioner's requests for service by the U.S. Marshal (ECF No. 4, ECF No. 8) are

12 moot because the Court is dismissing the action.

13       Petitioner's motion for judicial action (ECF No. 7) is mooted by this order.

14       It is therefore ordered that the applications to proceed *in forma pauperis* (ECF No.

15 3, ECF No. 5) are denied as moot.

16       It is further ordered that the requests for service by the U.S. Marshal (ECF No. 4,

17 ECF No. 8) are denied as moot.

18       It is further ordered that the motion for judicial action (ECF No. 7) is denied as moot.

19       It is further ordered that this action is dismissed. The Clerk of the Court is instructed

20 to enter judgment accordingly and close this action.

21       It is further ordered that a certificate of appealability will not issue.

22       DATED THIS 2nd day of May 2018.

23

24 _____

25 MIRANDA M. DU
   UNITED STATES DISTRICT JUDGE

26

27

28